# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| REBECCA MOLE-DONCHEZ, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> JANET NAPOLITANO, ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:13-cv-00847-APG-NJK <br><br> REPORT OF FINDINGS AND <br> RECOMMENDATION |

This matter is before the Court on the failure of Plaintiff and Plaintiff's counsel, Philip Trenchak, to comply with this Court's Order (Docket No. 4), Order to Show Cause (Docket No. 5), and Second Order to Show Cause (Docket No. 6). The Court hereby **VACATES** the hearing set for July 8, 2013. *See* Local Rule 78-2. The Court further **RECOMMENDS** imposition of the sanctions outlined below.

On May 30, 2013, the Court ordered Plaintiff to file a Certificate of Interested Parties in compliance with Local Rule 7.1-1 on or before June 6, 2013. Docket No. 4.[1] The Court warned that the failure to comply "may result in the issuance of an order to show cause why sanctions should not be imposed." *Id.* at 2. Plaintiff and her counsel failed to file her Certificate of Interested Parties and did not request an extension of time in which to do so.

On June 10, 2013, the Court entered an order to show cause based on the failure to comply with the Court's previous order. Docket No. 5. The Court directed Plaintiff to show cause

---

[1] The Notice of Electronic Filing (NEF) for each of the Court orders discussed herein indicates that notice of the orders was electronically mailed to Plaintiff's counsel and his staff at the following email addresses: trenchaklaw@gmail.com, michellenadolny@hotmail.com, paralegal@trenchaklaw.com, and pjt@trenchaklaw.com. Additionally, transmission of the NEF constitutes service of the orders upon Plaintiff's counsel. *See* Local Rule 5-4.

in writing, no later than June 17, 2103, why sanctions should not be imposed for her failure to comply with the Court's previous order.  The order to show cause advised Plaintiff that "[f]ailing to comply with the Local Rules of Practice, the Federal Rules of Civil Procedure, and the Court's orders may result in sanctions up to and including case-dispositive sanctions." *Id*. at 1.  The Court further indicated that the filing of a Certificate of Interested Parties on or before June 17, 2013, would satisfy the Court that sanctions are not warranted.  *Id.* at 2.  Notwithstanding the warnings regarding sanctions for failing to comply with the Local Rules and Court orders, Plaintiff and her counsel failed to file a response to the order to show cause or a Certificate of Interested Parties, and did not request an extension of time in which to do so.

On June 24, 2013, the Court entered a second order to show cause based on the failure of Plaintiff and her counsel to comply with the Court's previous order and order to show cause.  Docket No. 6.  The Court directed Plaintiff and her counsel to show cause in writing, no later than July 1, 2013, why Plaintiff's action should not be dismissed and why Mr. Trenchak and/or Plaintiff should not be sanctioned a Court fine in an amount up to $5,000 pursuant to Local Rule IA 4-1, Federal Rule of Civil Procedure 16(f), and/or Federal Rule of Civil Procedure 41(b).  *Id.* at 1.  The Court once again reiterated that "[f]ailing to comply with the Local Rules of Practice, the Federal Rules of Civil Procedure, and the Court's orders may result in sanctions up to and including case-dispositive sanctions."  *Id*. at 1-2.  Nonetheless, Plaintiff and her counsel have failed to file a response to the second order to show cause and have not requested an extension of time to do so.

In light of the above, the Court finds that the imposition of sanctions is appropriate.  The Court has broad discretion in fashioning the appropriate sanctions for violating a Court order.  *See, e.g.*, *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993).  The Court may award any "just" sanctions under Federal Rule of Civil Procedure 16(f) and "any and all appropriate" sanctions under Local Rule IA 4-1.  In determining the appropriate sanction, the Court notes that a primary objective of Rule 16(f) is the deterrence of conduct that unnecessarily consumes the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures.  *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999).

The willful failure of Plaintiff and her counsel to comply with the Court's orders is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice.  The Certificate of Interested Parties is required for the Court to assess whether a conflict of interest exists which requires the assigned judge(s) to disqualify himself or herself.  Sanctions less drastic than dismissal are unavailable because Plaintiff and her counsel have wilfully refused to comply with multiple court Orders and the Local Rules.  Accordingly, **IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**.

Moreover, the Court finds that a court fine of $1,000 is appropriately levied against Philip Trenchak for his willful refusal to comply with Court orders and the Local Rules.  The Court finds this amount is sufficient to deter similar misconduct in the future.  The sanction is personal to Mr. Trenchak.  Payment of $1,000 shall be made, no later than July 12, 2013, as a court fine to the "Clerk, U.S. District Court."  Mr. Trenchak shall submit proof of payment to the undersigned Judge's chambers within five days of payment.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986).  This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: July 2, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge