DANIEL G. BOGDEN
United States Attorney
District of Nevada

TROY K. FLAKE
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: *troy.flake@usdoj.gov*

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| REBECCA MOLE-DONCHEZ, | ) |
| Plaintiff, | ) Case No. 2:13-cv-00847-APG-NJK |
| v. | ) |
| JEH JOHNSON, Secretary DHS, *et al.*, | ) |
| Defendants. | ) |

**FEDERAL DEFENDANT'S UNOPPOSED MOTION TO STAY DISCOVERY**

Federal Defendant Jeh Johnson, Secretary of the United States Department of Homeland Security ("Federal Defendant"), moves to stay discovery in this action, including compliance with Fed. R. Civ. P. 26(f) and LR 26-1, pending a ruling from this Court on the Federal Defendant's Motion to Dismiss. ECF #32. Plaintiff does not oppose staying discovery. This Unopposed Motion to Stay Discovery is supported by the accompanying memorandum of points and authorities.

Respectfully submitted this 24th day of October 2014.

                                                               DANIEL G. BOGDEN
                                                               United States Attorney

                                                               _/s/_  *Troy K. Flake*
                                                               TROY K. FLAKE
                                                               Assistant United States Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     BACKGROUND**

Plaintiff works for the Transportation Security Administration ("TSA") as a Transportation Security Officer ("TSO"). ECF #30 at ¶ 8. Plaintiff was injured at work and placed on leave pursuant to the Federal Worker's Compensation Program. *Id*. at ¶¶ 9-12. Later, a doctor cleared Plaintiff to return to work with restrictions on the length of time she could work, the amount of weight she could carry, and other activities. *Id*. at ¶ 13. On February 10, 2010, another doctor cleared Plaintiff to work without restrictions and Plaintiff returned to full duty on February 13, 2010. *Id*. at ¶ 14.

According to the Amended Complaint, at the time she returned to work full duty, Plaintiff sought a light duty position and other accommodations, but management assigned Plaintiff to her former position and did not permit the requested accommodations. *Id*. at ¶¶ 18-21.

Plaintiff filed this case on May 15, 2013, and her Amended Complaint on September 5, 2014.

**II.     ARGUMENT**

**A.     Courts may stay discovery when there are no factual issues raised in the motion to dismiss and the court is convinced that plaintiff will be unable to state a claim for relief.**

"Every court has the inherent power to stay causes on its docket with a view to avoiding duplicative litigation, inconsistent results, and waste of time and effort by itself, the litigants and counsel." *Stern v. United States*, 563 F. Supp. 484, 489 (D. Nev. 1983) (U.S. Supreme Court citations omitted). "A district court 'has wide latitude in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion.'" *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416-17 (9th Cir. 1987) (citation omitted). Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants. *Little v. City of Seattle*, 863 F.2d, 681, 685 (9th Cir. 1988).

Filing a meritorious motion to dismiss does not automatically stay discovery. *Ministerio Roca Solida v. United States Dept. of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013). However, courts in our district and the Ninth Circuit have held that staying discovery pending a motion to dismiss is

permissible where there are no factual issues raised by the motion to dismiss. *Foley v. Pont*, 2012 WL 2503074 (D. Nev. June 27, 2012) (citing *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir.1984)).

"In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, [courts] consider[] the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Ministerio,* 288 F.R.D. at 504 (quoting Rule 1). Courts in this district will only stay discovery if, after taking a "preliminary peek" at the merits of the motion to dismiss, the court "'is convinced that a plaintiff will be unable to state a claim for relief.'" *Id.* (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Twin City Fire Ins. Co. v. Emp'rs Ins. of Wasau*, 124 F.R.D. 652, 653 (D. Nev. 1989) (citation omitted) (noting suits against government officials as an example of an appropriate instance for a stay); *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (motion based on immunity is a valid basis for granting a motion to stay); *see also Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 603 (D. Nev. 2011). Since ordinarily a motion to stay is referred to a magistrate judge while a district judge decides the motion to dismiss, the magistrate judge's "'preliminary peek' at the merits of the underlying motion is not intended to prejudge its outcome." *Id*. Instead, the "court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." *Id*.

**B.     A preliminary peek at the Federal Defendant's Motion to Dismiss demonstrates that there are no factual issues raised in the Motion to Dismiss and that Plaintiff's Amended Complaint should be dismissed.**

A stay of discovery is warranted in this case because there are no factual issues raised in the Motion to Dismiss and Federal Defendant is likely to prevail on its Motion. Plaintiff, a TSO, is seeking to sue under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. This statute provides the exclusive remedy for federal employees claiming discrimination based on disability. *Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989), overruled on other grounds, *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89 (1990). However, the plain language of the Aviation and Transportation Security Act ("ATSA") bars TSOs from bringing suit under the Rehabilitation Act. *See* Public Law 107–71, Title I, § 111(d), 115

3

Stat. 620, codified as a note to 49 U.S.C. § 44935. Every circuit court to address this issue has held that the ATSA preempts the Rehabilitation Act. *See Field v. Napolitano*, 663 F.3d 505, 510 (1st Cir. 2011) (because § 111(d) applies "notwithstanding any other provision of law," the ATSA bars TSOs from bringing suit under the Rehabilitation Act); *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1337 (11th Cir. 2006) (*per curiam*) ("Every circuit to address the issue has agreed that the language of the ATSA plainly precludes security screeners from bringing suit under . . . the Rehabilitation Act."); *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011) (*per curiam*), *cert. denied*, 132 S. Ct. 290 (2011) ("We now join every other circuit to have considered the question and conclude that the plain language of the ATSA preempts application of the Rehabilitation Act to security screeners.").

District courts in the Ninth Circuit have repeatedly held that the ATSA preempts Rehabilitation Act claims by TSOs. *Daniels v. Chertoff*, 2007 WL 1140401 (D. Ariz. Apr. 17, 2007) ("the ATSA preempts the Rehabilitation Act and the TSA is not required to provide accommodations to employees who are not capable of meeting the specific physical qualifications and employment standards promulgated pursuant to the ATSA."); *Yeager v. Chertoff*, 2006 WL 4673439 (W.D. Wash. Nov. 13, 2006) (ATSA preempts Rehabilitation Act because use the term "notwithstanding any provision of law" overrides otherwise applicable statutes.) (citing *Cisneros v. Alpine Ridge Group*, 508 U.S. 10, 18 (1993)); *Jackson v. Napolitano*, 2010 WL 94110 (D. Ariz. Jan. 5, 2010) (complaint failed "as a matter of law to state a claim for relief because the ATSA preempted the Rehabilitation Act.").

Finally, Plaintiff's argument that somehow Federal Defendant waived its right to assert preemption has also been rejected by the only court to address it. *Field,* 663 F.3d at 514 ("TSA's practice of providing reasonable accommodations pursuant to its policies "cannot constitute waiver of [the statutory provision of the ATSA exempting TSOs from the Rehabilitation Act]" and that "[t]he language of the ATSA makes clear that [Plaintiff] has no cause of action under the Rehabilitation Act."). Accordingly, a preliminary examination of the merits of the Motion to Dismiss shows that the Federal Defendant is likely to prevail and a stay of discovery is warranted.

### III.   CONCLUSION

Discovery should be stayed pending a ruling on the Federal Defendant's Motion to Dismiss, ECF #32, because it does not raise any factual issues and because the Federal Defendant is likely to prevail on its Motion. Plaintiff does not oppose entry of an order staying discovery. Accordingly, granting this Motion to Stay Discovery will serve Rule 1's goal of securing a just, speedy, and inexpensive determination of this action.

Respectfully submitted this 24th day of October 2014.

        DANIEL G. BOGDEN
        United States Attorney

        */s/ Troy K. Flake*
        TROY K. FLAKE
        Assistant United States Attorney


IT IS SO ORDERED:

~~UNITED STATES DISTRICT JUDGE~~
UNITED STATES MAGISTRATE JUDGE
DATED: October 24, 2014