**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| REBECCA MOLE-DONCHEZ, | Case No. 2:13-cv-00847-APG-NJK |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| JEH JOHNSON, Secretary DHS, | |
| Defendant. | (Dkt. #31, #32) |

Plaintiff Rebecca Mole-Donchez is a transportation security officer working for the Transportation Security Administration ("TSA"). She filed suit in this court alleging the TSA violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act by not offering her reasonable accommodations following an on-the-job injury.[1] Defendant Jeh Johnson, Secretary of the Department of Homeland Security, moves to dismiss the complaint, arguing Mole-Donchez cannot assert an ADA claim because that Act does not apply to federal government employees such as Mole-Donchez. Further, Johnson argues that Mole-Donchez cannot assert a Rehabilitation Act claim because the Aviation and Transportation Security Act ("ATSA") exempts the TSA from Rehabilitation Act claims brought by transportation security officers, and the TSA has not waived that exemption. I agree and therefore grant Johnson's motion to dismiss.

**I. BACKGROUND**

Plaintiff Mole-Donchez was working for the TSA as a transportation security officer when she was injured on the job after slipping on some steps and injuring her neck and back.[2] Mole-Donchez's doctor recommended she return to work on January 11, 2010 with lifting and standing restrictions, and another doctor released her to full duty on February 10, 2010.[3]

---

[1] (Dkt. #30.)
[2] (*Id.*)
[3] (*Id.* at 3-4.)

1    Mole-Donchez made several requests to receive a reasonable accommodation when she
2 returned to work.[4]  According to the complaint, she instead was offered her former position that
3 required heavy lifting and constant walking or standing.[5]   Mole-Donchez contends that TSA
4 failed to provide her with a light duty position even though TSA maintains light duty positions for
5 other similarly-situated TSA employees.[6]  Mole-Donchez alleges that although several managers
6 and co-workers reported to TSA that she appeared to be in pain and unable to perform her duties,
7 TSA failed to offer any accommodations.[7]  Additionally, she alleges that although TSA possessed
8 her medical records that showed she was required to take pain medication, it nevertheless
9 required her to sign a statement that she was not consuming any intoxicating medications.[8]
10 Finally, Mole-Donchez alleges the TSA knowingly denied her reasonable requests for
11 accommodations while putting others in danger by permitting her to perform her duties in a
12 diminished capacity while on pain medication.[9]  Based on these allegations, Mole-Donchez filed
13 this lawsuit alleging the TSA violated the ADA and the Rehabilitation Act.

14    Defendant Johnson moves to dismiss the Amended Complaint, arguing the ADA does not
15 apply to federal employees like Mole-Donchez because the ADA excludes the United States from
16 the definition of an employer under that Act.  He also argues that although the Rehabilitation Act
17 normally provides the exclusive remedy for federal employees claiming disability discrimination,
18 the ATSA bars application of the Rehabilitation Act to transportation security officers.  In
19 response, Mole-Donchez argues the TSA waived the ATSA exemption by offering light duty
20 positions for similarly-situated employees.

21 **II. ANALYSIS**

22    A properly pled complaint must provide a "short and plain statement of the claim showing
23 that the pleader is entitled to relief."[10]  Legal conclusions are not entitled to the same assumption

---

[4] (*Id.*)
[5] (*Id.*)
[6] (*Id.*)
[7] (*Id.*)
[8] (*Id.* at 4-5.)
[9] (*Id.* at 5.)
[10] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

of truth even if cast in the form of factual allegations.[11] The well-pleaded "[f]actual allegations must be enough to raise a right to relief above the speculative level."[12] In other words, a complaint must contain enough facts, "accepted as true, to state a claim to relief that is plausible on its face."[13] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[14] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but it has not shown–that the pleader is entitled to relief."[15] When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed.[16]

### A.  ADA

The ADA expressly excludes the United States from its coverage.[17] Thus, Mole-Donchez cannot bringing an ADA claim against the United States. Instead, the Rehabilitation Act is the exclusive remedy for federal employees claiming discrimination based on disability.[18] I therefore grant Johnson's motion to dismiss Mole-Donchez's ADA claim.

### B.  Rehabilitation Act

Every circuit court to address the issue has concluded that the ATSA exempts the TSA from Rehabilitation Act claims brought against it by transportation security officers.[19] Mole-Donchez does not dispute the exemption normally would apply. Instead, she contends that by

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1248 (9th Cir. 2013).
[12] *Twombly*, 550 U.S. at 555.
[13] *Iqbal*, 556 U.S. at 678 (quotation omitted).
[14] *Id.*
[15] *Id.* at 679 (quotation marks and citation omitted).
[16] *Twombly*, 550 U.S. at 570.
[17] 42 U.S.C. §§ 12111-12112; *id.* § 12111(5)(B) (stating "[t]he term 'employer' does not include . . . the United States . . ."). *See also Enica v. Principi,* 544 F.3d 328, 338 n.11 (1st Cir. 2008) ("As a federal employee, [plaintiff] is covered under the Rehabilitation Act and not the ADA."); *Henrickson v. Potter,* 327 F.3d 444, 447 (5th Cir. 2003) (stating that "the entire federal government is excluded from coverage of the ADA").
[18] *Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989), *overruled on other grounds by Williams-Scaife v. Dep't of Defense Dependent Schs.*, 925 F.2d 346, 348 n.4 (9th Cir. 1991).
[19] *Field v. Napolitano*, 663 F.3d 505, 510, 512 (1st Cir. 2011) (collecting cases).

1  providing reasonable accommodations to other similarly-situated employees, as well as to her for
2  one month, the TSA has knowingly and intelligently waived the exemption.
3       The TSA adopted a Management Directive establishing a limited reasonable
4  accommodation program pursuant to Executive Order 13,164. [20]  Executive Order 13,164 directs
5  federal agencies to adopt reasonable accommodation procedures.[21]  By its terms, Executive Order
6  13,164 "does not create any right or benefit, substantive or procedural, enforceable at law or
7  equity by a party against the United States, its agencies, its officers, its employees, or any
8  person."[22]  Accordingly, the TSA's adoption of a reasonable accommodation program, and
9  accommodations made pursuant to that program, do not constitute waivers of the ATSA
10 exemption.[23]  I therefore grant Johnson's motion to dismiss Mole-Donchez's Rehabilitation Act
11 claim.

## III. CONCLUSION

13      IT IS THEREFORE ORDERED that Plaintiff's Motion to Dismiss (Dkt. #31, #32) is
14 GRANTED.  Plaintiff's Amended Complaint is dismissed and the clerk of court is directed to
15 close this case.
16      DATED this 29th day of May, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[20] *See* TSA Management Directive No. 1100.73–4 (Jan. 25, 2006), (http://www.tsa.gov/video/pdfs/mds/TSA_MD_1100_73_4_FINAL_060125.pdf, last visited on May 27, 2015).
[21] Exec. Order No. 13,164, 65 Fed. Reg. 46,565 (July 26, 2000).
[22] *Id.*
[23] *See Field*, 663 F.3d at 513-14 (rejecting a similar argument).